**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

THERON PRESTON WASHINGTON,

        Plaintiff,

v.

ATTORNEY GENERAL (CURRENT) (MINNESOTA),

        Defendant.

Civil No. 14-1169 (JNE/JJG)

**REPORT AND RECOMMENDATION**

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     BACKGROUND**

Plaintiff claims that "Minnesota Statue [sic] section 609.165 contradicts the Federal Amendment 14 of the United States Constitution." (Complaint, [Docket No. 1], "Attachment to page 4.") The allegedly unconstitutional statute, Minn. Stat. § 609.165, governs the restoration of civil rights for an individual who has been convicted of a criminal offense, and has completed his or her sentence.

Most of Plaintiff's complaint is virtually incomprehensible, and it is impossible to discern why he thinks § 609.165 is unconstitutional. Furthermore, Plaintiff has not

alleged that he has ever served or completed a prison sentence, or that he has ever been deprived of any civil rights by reason of any criminal conviction. Indeed, Plaintiff has alleged no facts showing that he has been personally affected by Minn.Stat. § 609.165 in any way.

Plaintiff has described the relief he is seeking in this case as follows:

> "I request for relief as a Moor Christian Jew that the statue [sic] 609.165 be reviewed and changed so that Minnesota Law can comply with federal law concerning the United States Constitution. Concerning voting privileges and that the Plaintiff[']s rights are restored immediately."

(Complaint, p. 4, "Request for Relief.")

## II.   DISCUSSION

An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state a cause of action on which relief can be granted, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to redress against the named defendant(s) under some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed

a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff is asking the federal court to declare Minn.Stat. § 609.165 unconstitutional, and to concomitantly restore his "voting privileges." However, Plaintiff has not alleged any facts showing that § 609.165 is causing him to be deprived of his voting privileges. As noted above, Plaintiff has not alleged any facts showing that he has been personally affected in any way by any of the provisions of Minn. Stat. § 609.165. Plaintiff certainly has not alleged any facts which, if proven true, would allow a federal court to rule that Minn. Stat. § 609.165 is unconstitutional, and that Plaintiff's voting privileges should be restored.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's complaint fails to meet this standard. Plaintiff has not pleaded a set of specific historical facts that would entitle him to any legal redress under any legal theory. Therefore, Plaintiff has failed to plead a cause of action on which relief can be granted.

Because Plaintiff's complaint does not state an actionable claim for relief, the Court will recommend that his IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

    2.    This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated:   April 23, 2014           s/ *Jeanne J. Graham*
                                            JEANNE J. GRAHAM
                                            United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **May 12, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.